■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANA FRONTIS, Appellant. [932 NYS2d 757]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (A. Kirke Bartley, J.), rendered on or about March 9, 2010, and said appeal having been argued by counsel for the respective parties; and due deliberation having been had thereon, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Gonzalez, P.J., Tom, Sweeny, Renwick and Román, JJ.

■ DANIEL ANDINO, Plaintiff, v NSPD ASSOCIATES, LLC, et al., Defendants. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Third-Party Plaintiff-Respondent, v STEP-MAR CONTRACTING CORP., Third-Party Defendant-Appellant. (And Another Action.) [931 NYS2d 856]—

Step-Mar made a prima facie showing of entitlement to judgment as a matter of law by submitting evidence that it did not create the alleged dangerous condition on the subject sidewalk (*see Fernandez v 707, Inc.*, 85 AD3d 539, 540-541 [2011]). In opposition, Con Edison raised an issue of fact as to whether Step-Mar properly performed its contractual obligation to maintain the work site, which included the subject sidewalk (*cf. id.* at 541). The contract does not state, and Step-Mar's supervisor did not testify at his deposition, that Step-Mar's obligation is limited to safeguarding its own work, materials, or equipment. Concur—Gonzalez, P.J., Tom, Sweeny, Renwick and Román, JJ.